Motion to amend remittitur granted. Return of remittitur requested and, when returned, it will be amended by adding thereto the following: Upon the appeal herein there were pre *976 sented and necessarily passed upon by the Court of Appeals questions under the Constitution of the United States, as follows : 1. In the course of an investigation by the Third April Grand Jury of New York County under sections 380, 580 and 850 of the Penal Law dealing with bribery of labor union representatives, conspiracy and extortion, appellant, an employer engaged in interstate commerce, declined to answer questions directed to the ascertainment of whether he had paid money to certain named officials of a labor union, Local 239, International Brotherhood of Teamsters, on the ground that the answers would tend to incriminate him, citing particularly his peril under section 302 of the Federal Taft-Hartley Act (U. S. Code, tit. 29, § 186), regulating, under penal sanction, payments to union representatives; and appellant was thereupon convicted of a' contempt of the Court' of General Sessions of said county against his contention that, since the source of the peril of prosecution was Federal, he was privileged to decline to answer by virtue of the Fifth Amendment to the United States Constitution which binds the State Court Grand Jury through the supremacy clause (art. VI, cl. 2) as well as through the privileges and immunities clause of the Fourteenth Amendment. This court decided the stated contention adversely to appellant. 2. In the course of an investigation by the Third April Grand Jury of New York County proceeding under sections 380, 580 and 850 of the Penal Law dealing with bribery of labor union representatives, conspiracy and extortion, appellant, an employer engaged in interstate commerce, declined to answer questions directed to the ascertainment of whether he had paid money to certain named officials of a labor union, Local 239, International Brotherhood of Teamsters; and appellant was thereupon convicted of a contempt of the Court of General Sessions of said county against his contention that section 302 of the Taft-Hartley Act (U. S. Code, tit. 29, § 186), regulating payments by employers to labor union representatives, by pre-empting the field of regulations of such payments had rendered sections '380, 580 and 850 of the Penal Law, insofar as applied to industries affecting commerce, repugnant to the commerce (art. I, § 8) and supremacy (art. YI, cl. 2) clauses of the United States Constitution and hence deprived the State Grand Jury of jurisdiction to make the stated inquiries. This court decided the stated contention adversely to appellant. [See 2 N Y 2d 913.]